UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KELLEY WOODWARD**             **Case No.**

      **Plaintiff,**

v.

**ANTHEM LIFE INSURANCE COMPANY,**

**A Foreign Corporation,**

      **Defendant.**

## COMPLAINT

The Plaintiff, KELLEY WOODWARD, by and through undersigned counsel, hereby files this Complaint against ANTHEM LIFE INSURANCE COMPANY ("ANTHEM") and alleges:

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., specifically § 1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. At all times material hereto, Defendant ANTHEM funded and administered a long-term disability insurance through an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1), for a copy of the policy is attached hereto as Exhibit "A," and other valuable benefits.

5. Defendant ANTHEM is a foreign corporation engaged in insurance business in Pinellas County, Florida.

6. ANTHEM was a claims "fiduciary" within the meaning of 29 U.S.C. § 1104 of the employee benefit plan established by Plaintiff's employer at all times material to this action and may be sued under ERISA as an entity pursuant to 29 U.S.C. § 1132(d)(1).

7. Defendant ANTHEM makes the final decision to deny claims under the insurance policy providing benefits to Plaintiff and bore the ultimate responsibility for paying said benefits, creating an inherent conflict of interest between ANTHEM's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

8. Defendant ANTHEM has a substantial conflict of interest and its decision to deny the benefits at issue was materially influenced by its conflict of interest.

9. Defendant ANTHEM has failed to apply the provisions of the policy consistently with respect to similarly situated claimants.

10. Defendant's notice of denial letters failed to comply with 29 CFR § 2560.503-

1(f) as well as the "full and fair review" provisions of ERISA.

11. Defendant's plan documents fail to comply with 29 CFR § 2560.503-1 as well as the "full and fair review" provisions of ERISA.

12. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR § 2560.503-1(j).

13. Defendant has failed to comply with the provisions of 29 CFR § 2560.503-1(b), 29 CFR § 2560.503-1(f), 29 CFR § 2560.503-1(g), 29 CFR § 2560.503-1(h), and 29 CFR § 2560.503-1(I) in its administration of Plaintiff's claims.

14. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq..

15. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
## Action for Plan Benefits
## Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
## Against ANTHEM

16. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically restated therein.

17. Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by ANTHEM at all times material hereto.

18. Defendant has failed and refused to pay the Plaintiff sums due pursuant to the long-term disability insurance policy funded and administered by ANTHEM, at all times material hereto.

19. Defendant has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1 and has denied coverage under the terms of the long-term disability plan.

20. Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

21. Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff KELLEY WOODWARD prays for relief from Defendant ANTHEM LIFE INSURANCE COMPANY for benefits due pursuant to the long-term disability insurance policy funded and administered by Defendant pursuant to 29 U.S.C.

§ 1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as the Court may deem appropriate.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against ANTHEM

22. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically restated therein.

23. Plaintiff is entitled to long-term disability benefits pursuant to the long-term disability insurance policy which is the subject of this action.

24. Defendant ANTHEM has denied that Plaintiff is entitled to long-term disability insurance benefits.

25. Section § 1132(a)(1)(B) specifically authorizes an action to clarify a plaintiff's rights to benefits subject to insurance policies governed by ERISA like the one in this action.

26. Defendant ANTHEM has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1.

27. Plaintiff is entitled to a declaration that her long-term disability benefits are benefits are payable under the long-term disability insurance policy in this action, and is entitled to present evidence of her disability to this effect under the *de novo* standard.

28. Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff KELLEY WOODWARD prays for a declaration that she is

entitled to reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by ANTHEM LIFE INSURANCE COMPANY, along with any ancillary benefits to which she may be entitled as a result of a declaration of her right to same, pursuant to § 1132 (a)(1)(B) plus interest, costs, attorney's fees as authorized by 29 U.S.C. § 1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ William S. Coffman, Jr.
William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff